TRAVELERS INSURANCE COMPANY, APPELLEE, V. LAWRENCE N. SMITH, APPELLANT.

FILED JANUARY 6, 1933. No. 28302.

*E. W. Moehnert* and *R. H. Mathew,* for appellant.

*F. B. Goudy* and *Lanigan & Lanigan, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an appeal from an order confirming a judicial sale had in an action for foreclosure of a real estate mortgage. The grounds relied on for reversal are that the sale was improperly conducted and was not advertised as required by law.

The mortgaged premises were sold to the plaintiff upon its bid for the sum of $22,686.42, "plus costs." The amount bid was the exact amount due on the decree, including interest to date of sale, plus costs. Defendant argues that, because of the words "plus costs" in plaintiff's bid, the amount thereof was indefinite and had a tendency to discourage other bidders, since they could not know the precise amount of the costs.

Whether prospective bidders have been deterred or discouraged from bidding at a judicial sale by the act of a party to the suit, ordinarily, is one of fact to be ascertained from evidence. In the instant case, there is no bill of exceptions. We are therefore unable to determine whether or not there were other bidders or prospective

bidders, or that any one was deterred or discouraged from bidding because of the nature of the bid made by plaintiff. There is nothing in the record from which this court can determine that the amount of costs was unknown or could not have been readily ascertained. This court cannot say, as a matter of law, that the defendant was prejudiced by the form of plaintiff's bid.

It is contended that the sale was not properly advertised. The point relied on is that the description of the premises in the notice of the sale was indefinite. The mortgage covered three quarter-sections of land, the southeast quarter of section 8 and two quarters in the adjoining section, in the same township and range. Subsequent to the execution of the mortgage and prior to the decree of foreclosure, defendant conveyed to Sherman county for road purposes a strip, 26 feet wide, off the south side of the southeast quarter of section 8. In the foreclosure action plaintiff recognized the sale of this strip by defendant, and sought and obtained a decree on the three quarters, with the exception of the 26-foot strip. The decree, order of sale and notice of sale each described the three quarters and excepted therefrom the 26-foot strip of land. The description exempting this 26-foot strip is by metes and bounds, is accurate and free from uncertainty and could not have misled any one. The objection seems to be frivolous.

The record appears to be free from error. The order of confirmation is

AFFIRMED.